UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEJONAH POLLARD,<br><br>  Plaintiff,<br><br>  v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>  Defendant. | No. 2:17-cv-1788-KJN<br><br>ORDER |

Plaintiff Mejonah Pollard seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("Act").[1] Plaintiff filed a motion for summary judgment, which the Commissioner opposed by filing a cross-motion for summary judgment, and plaintiff replied. (ECF Nos. 16, 25, 26.) For the reasons discussed below, the court denies plaintiff's motion for summary judgment and AFFIRMS the Commissioner's final decision.

////

---

[1] This action was referred to the undersigned pursuant to Local Rule 302(c)(15), and both parties voluntarily consented to proceed before a United States Magistrate Judge for all purposes. (ECF Nos. 7, 13.)

1

I. BACKGROUND

Plaintiff has a history of filing for disability. In 2009, plaintiff was deemed eligible for disability benefits under Listing 112.05, based on a finding that she had a qualifying intellectual disorder as a child under 18. (AT 22.)

When plaintiff reached the age of 18, her eligibility for benefits was re-determined under the rules for adult disability. Pollard v. Comm'r of Soc. Sec., No. 2:14-CV-0563-WBS-CMK, 2015 WL 5255401, at *1 (E.D. Cal. Sept. 9, 2015). An administrative law judge ("ALJ") issued a decision on September 28, 2012 ("2012 decision"), which the Commissioner adopted, determining that plaintiff was not disabled. Id. At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that meets of medically equals an impairment listed in the regulations.[2] Id.

////

---

[2] A parallel five-step sequential evaluation governs eligibility for both DIB and SSI benefits. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing her past relevant work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

On February 26, 2014, plaintiff challenged the 2012 decision, asserting that she remained disabled due to a disqualifying intellectual disorder. Id. at *2. The Eastern District of California upheld the Commissioner's decision, holding that "[g]iven plaintiff's [2010] full scale IQ score of 73 [from consultative examining psychologist David Richwerger, Ph.D.], the ALJ correctly concluded that Listing 12.05 does not apply." Id. at *3. The Ninth Circuit subsequently affirmed the Commissioner's decision on April 19, 2017, holding that

> The ALJ did not err in finding, at step three of the sequential evaluation process, that Pollard's impairment of borderline intellectual functioning did not meet Listing 12.05C or 12.05D because an examining psychologist's report and test results showed that Pollard's IQ score was above the range set forth in those adult listings.

Pollard v. Berryhill, 688 F. App'x 422 (9th Cir. 2017).

In the meantime, on January 29, 2014, plaintiff filed new applications for DIB and SSI benefits, which precipitated this action. (AT 229-39.) After these applications were denied initially and on reconsideration, an ALJ conducted a hearing. (AT 40-71.) Thereafter, the ALJ issued a decision on March 2, 2016 ("2016 decision"), which the Commissioner adopted, determining that plaintiff had not been under a disability as defined in the Act from January 28, 2014, through the date of the decision. (AT 22-35.) At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations. (AT 26.) Specifically, the ALJ concluded that plaintiff did not meet the requirements for Listing 12.05C or 12.05D because she does not have a valid verbal, performance, or full scale IQ score of 60 through 70. (AT 27.)

II.     ISSUES PRESENTED

Plaintiff's sole contention on appeal is that the ALJ erred at step three, when she concluded in the 2016 decision that plaintiff did not meeting Listing 12.05C or 12.05D. (ECF No. 16.)

III.    LEGAL STANDARD

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record

as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

IV. DISCUSSION

In both the 2012 and 2016 decisions, the ALJ relied on the same 2010 IQ score from consultative examining psychologist Dr. Richwerger. (See AT 30; Pollard, 2015 WL 5255401, at *2.) When the ALJ issued the 2016 decision, the appeal of the 2012 decision was still pending. However, as explained above, the Ninth Circuit has since affirmed the ALJ's 2012 decision.

"The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings. . . . The claimant, in order to overcome the presumption of continuing nondisability arising from the first administrative law judge's findings of nondisability, must prove 'changed circumstances' indicating a greater disability." Chavez v. Bowen, 844 F.2d 691, 693 (9th Cir. 1988).

Two similar doctrines—the law of the case doctrine and the rule of mandate—also apply to a district court's review of administrative decisions by the Commissioner of Social Security.

> The law of the case doctrine generally prohibits a court from considering an issue that has already been decided by that same court or a higher court in the same case. Hall v. City of Los Angeles, 697 F.3d 1059, 1067 (9th Cir. 2012). The doctrine is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust. See Merritt v. Mackey, 932 F.2d 1317, 1320 (9th Cir. 1991).
>
> [. . .]
>
> "The rule of mandate is similar to, but broader than, the law of the case doctrine." United States v. Cote, 51 F.3d 178, 181 (9th Cir.

4

> 1995). The rule provides that any "district court that has received the mandate of an appellate court cannot vary or examine that mandate for any purpose other than executing it." Hall, 697 F.3d at 1067. The district court may, however, "decide anything not foreclosed by the mandate." Id. But the district court commits "jurisdictional error" if it takes actions that contradict the mandate.

Stacy v. Colvin, 825 F.3d 563, 567-68 (9th Cir. 2016).

In the current challenge, plaintiff seeks to relitigate an issue the Ninth Circuit has resolved—that plaintiff's 2010 full scale IQ score demonstrates that she does not meet Listing 12.05C or 12.05D. (See ECF No. 16 at 5-10.) Specifically, plaintiff argues that the 2010 full scale IQ score included within it a Verbal Comprehension Index score of 70, which qualifies as a valid verbal or full scale IQ of 60 through 70. (Id. 16 at 6.)

Even assuming that plaintiff's interpretation of the evidence may be correct, this argument is foreclosed because the Ninth Circuit has already determined that the Commissioner properly found that plaintiff's 2010 full scale IQ score of 73 disqualified her from Listing 12.05C or 12.05D. See Pollard, 688 F. App'x at 422. Under the principals or res judicata, law of the case, and the rule of mandate, this court may not reconsider this issue. While the 2016 decision is based upon different applications for disability than the 2012 decision, each decision is based upon the same essential body of evidence. Indeed, the 2010 full scale IQ score was central to each decision and to each challenge brought by plaintiff. Thus, to review the interpretation of this score would be to review a matter the Ninth Circuit has already conclusively decided.

Moreover, the only new evidence that plaintiff points to in this matter is a report by Janice Nakagawa, Ph.D. who reviewed plaintiff's psychological consultative evaluations and opined that plaintiff's 2007 and 2010 IQ scores are "not qualitatively different from each other" and essentially describe the same individual. (AT 753.) However, this new opinion does not qualify as a new IQ score, nor does it transmute plaintiff's 2010 full scale IQ score of 73 into a lower score within the necessary range of 60 to 70. Furthermore, as the Ninth Circuit explained, "[t]he Commissioner was not required to consider [the] examining psychologist's [2007] report and IQ test results obtained when Pollard was age fourteen." Pollard, 688 F. App'x at 422 (citing 20 C.F.R. pt. 404, subpt. P, app. 1, § 112.00D10; Hiler v. Astrue, 687 F.3d 1208, 1212 (9th Cir.

2012)).

Therefore, the ALJ did not err at step three in the 2016 decision because her determination is based upon the same interpretation of the same evidence that the Ninth Circuit has upheld, and the administrative record does not include substantially different evidence or changed circumstances to undermine a finding of continuing nondisability.

## V. <u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 16) is DENIED.
2. The Commissioner's cross-motion for summary judgment (ECF No. 25) is GRANTED.
3. The final decision of the Commissioner is AFFIRMED.
4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated: December 20, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE